UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:

    David Diaz,

                  Debtor.

_____

Case No.: 25-23079

Chapter: 13

## DEBTOR'S MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS

Debtor David Diaz (the "Debtor"), by and through undersigned counsel, respectfully moves for entry of an order extending the deadline to file Schedules, Statements and, the Chapter 13 Plan for an additional 14 days, and states:

- The Debtor commenced this case on 11/10/2025, and a deadline was set requiring the filing of Schedules and Statements within 14 days (the "Deadline").
- The Debtor initially proceeded *pro se*. Undersigned counsel was retained subsequent to filing, and promptly filed a Notice of Appearance pursuant to Fed. R. Bankr. P. 9010 (Fed. R. Bankr. P. 9010).
- Cause exists to extend the Deadline under Fed. R. Bankr. P. 9006(b)(1) in order to allow newly retained counsel sufficient time to gather, review, and accurately prepare the Debtor's Schedules A/B through J, Summary of Assets and Liabilities, Statement of Financial Affairs, a Chapter 13 Plan, and any related disclosures required in this Chapter 13 case. Preparation requires collection of documents from multiple financial institutions and verification of income and expenses.
- The Debtor requests a modest extension of fourteen (14) days. This short extension will facilitate accurate filings and avoid piecemeal amendments, thereby promoting judicial efficiency and the orderly administration of the estate.
- No party will be prejudiced by the requested extension. The extension does not affect the deadlines for creditors to file proofs of claim or any scheduled hearings. The Chapter 13 Trustee and the U.S. Trustee will receive prompt notice of this Motion.

- If and to the extent the Court deems the Deadline to have elapsed prior to entry of an order on this Motion, the Debtor submits that any brief delay is the result of excusable neglect under the equitable standard articulated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), given: (a) the minimal length of delay sought; (b) absence of prejudice to creditors; (c) Debtor's good faith; and (d) counsel's same-day retention and immediate action to seek relief. See also the Court's emphasis on adequate notice and equitable enforcement of deadlines in *In re XO Communications, Inc.*, 482 F.3d 1088 (9th Cir. 2007).
- The Debtor acts in good faith and does not seek this extension for purposes of delay. Prompt entry of the requested relief will ensure accurate, complete disclosures consistent with the Code and Rules and enable efficient case administration.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (i) extending the deadline for the Debtor to file by 14 days; and (ii) granting such other and further relief as is just and proper.


/s/Michael Ready Treanor, Jr.
Michael Ready Treanor, Jr.


Treanor Law Offices PLLC
160 Riverside Boulevard, Suite 5B
New York, NY 10069
Tel: (917) 672-3472
mtreanor@treanor-advocacy.com
NY Atty. Reg. No. 2518884
Admitted (Bankr.) SDNY


Dated: 12/10/2025
New York, New York